UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CHARIS MINERALS, INC. et al., | ) |
| Plaintiffs, | ) |
| vs. | ) Case No. 4:11-CV-1065(CEJ) |
| BETTINA MILNER-SPENCER SANDS, | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on defendant's motion to dismiss based on forum non conveniens. Plaintiffs oppose the motion and the issues are fully briefed.

Plaintiffs are engaged in the exploration, discovery, and development of minerals and mineral assets in Liberia. They own the trademarks "Charis," "Charis Minerals," "Cristol," and "Cristol Enterprises." Plaintiffs allege that the defendant falsely represented that she was plaintiffs' representative and distributed business plans to potential investors bearing plaintiffs' names and trademarks. Plaintiffs claim that the defendant acted with the intent to deceive potential investors and steal plaintiffs' identities. Plaintiffs bring this action, asserting claims based on the Lanham Act, 15 U.S.C. § 1125, and claims of trademark infringement, defamation, and tortious interference with business expectancy based on Missouri law.

I. Discussion

"[T]he principal of forum non conveniens permits a court to decline jurisdiction even though venue and jurisdiction are proper, on the theory that for the convenience of the litigants and witnesses the action should be tried in another forum." Peabody Holding Co., Inc. v. Costain Group PLC, 808 F. Supp. 1425, 1441 (E.D. Mo. Dec. 11,

1992)(citing Mizokami Bros. of Arizona v. Mobay Chemical Corp., 660 F.2d. 712,717 (8th Cir. 1981)).  When confronted with a motion to dismiss on the grounds of forum non conveniens, a court must follow a two-step process.  First, the court must determine whether an adequate alternative forum exists.  If no such forum exists, the inquiry ends and the motion to dismiss will be denied. Id.  If a forum does exist, the court then must, "balance factors relative to the convenience of the litigants, referred to as the private interests, and factors relative to the convenience of the forum, referred to as the public interests, to determine which available forum is most appropriate for trial and resolution."  GreenEarth Cleaning, L.L.C. v. Collidoue Invest France, 2009 WL 1766716, at *3 (W.D.Mo. Jun.23, 2009).

Factors pertaining to the private interests of the litigants include the relative ease of access to sources of proof; availability of compulsory attendance of unwilling witnesses, the costs of obtaining willing witnesses; the enforceability of a judgment if one is obtained; and all other practical problems that make trial of a case easy, expeditious and inexpensive. Peabody v. Costain Group PLC, 808 F. Supp. 1425, 1441 (E.D.M.O. Dec. 11, 1992)(citing Mizokami Bros. of Arizona v. Mobay Chemical Corp., 660 F.2d. 712,717 (8th Cir. 1981)).  Public interests factors include the administrative difficulties flowing from court congestion; the local interest in having localized controversies decided at home; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty. Id.

The doctrine of forum non conveniens is applied only in exceptional circumstances. Id.(citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 504 (1947)).

Plaintiff's choice of forum is typically accorded significant deference, and is rarely disturbed. Reid-Walen v. Hansen, 933 F.2d 1390, 1393 (8th Cir.1991). "[T]he defendant has the burden of persuasion in proving all elements necessary for the court to dismiss a claim based on forum non conveniens." Id.

Defendant argues that Liberia is an adequate alternative forum because plaintiff Charis' corporate office and corporate records are located in Monrovia, Liberia. Defendant also contends that fourteen potential witnesses are located in Liberia. The defendant does not identify these witnesses, nor does she state what their testimony will be. Consequently, it is impossible to determine whether the number of witnesses or the quantity of relevant evidence is greater in Liberia than in the United States. A defendant's conclusory assertions are insufficient to establish forum non conveniens. See Northrup King Co. v. Compania Productora Semillas Algodoneras Selectas, S.A., 51 F.3d 1383, 1390 (8th Cir.1995). The defendant must provide evidence supporting the claim that there is an adequate alternative forum. Reid-Walen, 933 F.2d at 1397 (denying a motion to dismiss on grounds of forum non conveniens because the defendants failed to provide evidence supporting its claim that Jamaica was an adequate alternative forum). Because the defendant has not made any showing that Liberia is an adequate alternative forum, her motion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#10] is **denied**.

CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 19th day of December, 2011.